## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERRANCE ROSALES,
                    Appellant,

          v.

DEPARTMENT OF THE NAVY,
                    Agency.

DOCKET NUMBER
SF-0752-15-0213-I-1

DATE: April 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Charleston, South Carolina, for the appellant.

<u>Michelle Over</u>, FPO, APO/FPO Pacific, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1          The appellant has filed a petition for review of the initial decision, which dismissed this appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The agency removed the appellant from his Supervisory Management and Program Analyst position at the Marine Corps Air Station in Iwakuni, Japan, on charges of sexual harassment, conduct unbecoming a supervisor, and inattention to duty, effective November 24, 2014. Initial Appeal File (IAF), Tab 6 at 23-27, 43-52. On November 21, 2014, the appellant sent agency officials an email message in which he gave notice that he was resigning his position effective that day and also requested that the reason set forth on the Standard Form (SF)-50 form for his resignation state that he was "reassigned[2] for personal reasons." *Id.* at 21. On November 26, 2014, after the appellant inquired about the status of his resignation request, *id.*, a supervisory human resources specialist informed him that the agency had canceled the SF-50 for the termination action and would process one for his resignation in its place, *id.* at 20. However, because the appellant's voluntary resignation was tied to an already proposed and decided adverse action based on his misconduct, the specialist told the appellant that the resignation SF-50 must reflect that he resigned after receiving written notice of

[2] The administrative judge presumed, as do we, that the appellant intended to write "resigned." IAF, Tab 10, Initial Decision at 2 n.1.

the agency's decision to remove him based on the charges set forth in the decision letter. *Id.*

¶3    In his subsequent appeal, the appellant addressed his removal, providing a detailed rebuttal to the charges set forth in the agency's notice of proposed removal and decision letter. IAF, Tab 1 at 20-23; *see* IAF, Tab 6 at 23-29, 43-49. But, the appellant only cursorily addressed the voluntariness of his resignation, alleging without any explanation or support that the agency coerced his resignation because he was "led to believe that if he resigned from his employment the separation would be characterized as disciplinary[3] so that it would have no effect on future federal service." IAF, Tab 1 at 23-24. The administrative judge issued an acknowledgment order informing the appellant of what he must show to establish a nonfrivolous allegation of jurisdiction and be entitled to the hearing that he requested. IAF, Tab 2. In pertinent part, the administrative judge informed the appellant that resignations are presumed to be voluntary and that his appeal would be dismissed without a hearing unless he made allegations of duress, coercion, or misrepresentation supported by facts which, if proven, would establish that his resignation was involuntary. *Id.* at 2. The appellant did not respond on the jurisdictional issue.[4]

¶4    Because he found that the appellant alleged no specific facts that, if proven, would support his claim that the agency coerced his resignation, the administrative judge dismissed the appeal for lack of jurisdiction, based on the

---

[3] The administrative judge presumed that the appellant meant to write here that, if he resigned, his separation would *not* be characterized as disciplinary. IAF, Tab 10, Initial Decision at 4 n.2. We agree with the administrative judge's interpretation of the pleading.

[4] Although the appellant did not respond regarding the Board's jurisdiction over his appeal, he did file a motion to compel discovery and a motion for sanctions, IAF, Tab 9, both of which the administrative judge denied in light of his finding on the jurisdictional issue, IAF, Tab 10, Initial Decision at 5 n.4. The appellant does not challenge the administrative judge's disposition of these motions in his petition for review.

written record without holding a hearing. IAF, Tab 10, Initial Decision (ID) at 4-5. In his timely-filed petition for review, the appellant argues for the first time that "[h]e only contemplated his resignation if and only if the employer agreed to report his removal as a voluntary resignation." Petition for Review (PFR) File, Tab 1 at 6. The appellant claims that the parties' oral contract to settle this matter is therefore invalid because there was no meeting of the minds. *Id.* at 5-7. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 3.

¶5    An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *E.g.*, *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). However, the Board has long held that an involuntary resignation is tantamount to a removal. *Spiegel v. Department of the Army*, 2 M.S.P.R. 140, 141 (1980). An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an allegedly involuntary resignation or retirement only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). Nonfrivolous allegations of Board jurisdiction are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Solomon v. Department of Agriculture*, 106 M.S.P.R. 172, ¶ 11 (2007). Conclusory, vague, or unsupported allegations are insufficient to meet the nonfrivolous allegation standard. *E.g.*, *Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed. Cir. 1995); *Riojas v. U.S. Postal Service*, 88 M.S.P.R. 230, ¶ 3 (2001).

¶6    The appellant's conclusory, unsupported allegations do not constitute nonfrivolous allegations of jurisdiction. Other than his single unsupported assertion that the agency coerced his resignation, IAF, Tab 1 at 23-24, the appellant simply failed to address the voluntariness of his resignation before the record closed below, *see* 5 C.F.R. § 1201.58; IAF, Tab 2 at 2-3. The fact that an

employee is faced with the unpleasant choice of either resigning or opposing a potential removal action does not rebut the presumed voluntariness of his ultimate choice of resignation. *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987). Thus, we agree with the administrative judge that the appellant failed to establish jurisdiction over his appeal.

¶7        As noted above, the appellant raises his contract law argument for the first time in his petition for review. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant makes no such showing. Because everything the appellant alleges on review occurred before he filed his appeal, he could have made this argument in his appeal below and chose not to do so. Moreover, the record does not bear out the appellant's assertions that the parties attempted to negotiate an oral contract but there was no meeting of the minds. PFR File, Tab 1 at 5-11. The record does not indicate that the parties actively negotiated a settlement, and, most importantly, the email message in which the appellant gave notice of his resignation in no way indicates that his choice to do so is contingent on the agency's acceptance of his request that the pertinent SF-50 form state that he did so for personal reasons. *See* IAF, Tab 4 at 21-22. Therefore, even if we were to consider the appellant's arguments on review, they are insufficient to upset the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.